## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| Otis Brandon, | Case No. 3:23-cv-04197-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Janssen Pharmaceuticals; Johnson and Johnson, Inc., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that the Court grant Defendants' motion to dismiss. (Dkt. No. 31). Plaintiff did not object to the R & R. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Plaintiff, a self-represented state inmate, filed this action alleging that Defendants deprived him of his constitutional rights when Defendants knew that Risperdal—an antipsychotic

1

medication manufactured and distributed by Defendant Janssen Pharmaceuticals—created a substantial risk of harm to Plaintiff and disregarded that risk by continuing to manufacture and distribute the drug.  (Dkt. No. 1-1 at 5).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988). The Magistrate Judge recommends granting Defendants' motion to dismiss because Plaintiff fails to plausibly allege that Defendants acted under color of state law.  (Dkt. No. 31 at 3–4).  Since Plaintiff only alleged that Defendants manufactured and distributed the drug, the Magistrate Judge found that the allegations do not bring their conduct within the class of persons who can be sued as state actors under § 1983.  (*Id.* at 5).

After a careful review of the record in this matter and the R & R, the Court finds that the R & R ably summarizes the legal and factual issues in this matter and correctly concludes that Defendants' motion to dismiss should be granted.  Accordingly, the Court adopts the R & R (Dkt. No. 31) as the order of the Court.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel__
Richard Mark Gergel
United States District Judge

January 3, 2024
Charleston, South Carolina